### INJURIES TO A MINOR WHILE FEEDING A MACHINE.

Circuit Court of Cuyahoga County.

THE K. D. BOX & LABEL CO. v. TOMMIE CAINE ET AL.[*]

Decided, February 23, 1907.

*Negligence—Master and Servant—Boy Injured while Feeding a Machine
—Alleged Failure to Instruct Him as to the Danger Incurred—
Charge of Court as to Ordinary Care—Application of, to the Case
of a Minor.*

Where an action on behalf of a minor, brought on account of injuries
received in a machine which he was feeding, is tried on the theory
that the defendant failed to instruct the plaintiff as to the extra
hazard arising from a change in the material which he was feed-
ing into the machine, the charge of court is not erroneous because
of the omission in the paragraph defining ordinary care to refer to
the age of the plaintiff, if it appear from the charge taken as a
whole that the jury were not mislead thereby.

*Ford & Snyder,* for plaintiff in error.
*W. C. Ong,* contra.

TAGGART, J. (orally); MARVIN, J., and DONAHUE, J., concur
(Judges Taggart and Donahue, sitting in place of Judges Winch
and Henry).

Error to the court of common pleas.

This case had its origin in the court of common pleas, by the
defendant in error, through one Delbert M. Bader, his guard-
ian, filing a petition in said court, in substance alleging that he
was a minor, inexperienced in the conduct and control of danger-
ous machines, and that he entered about the 11th day of May,
1904, into the employment of the defendant to feed a machine
which was being operated by said defendant; that the operation
of said machine was dangerous and hazardous; that the defend-
ant failed to instruct him as to the dangerous character of said
employment and the use of said machine.

[*] Affirmed by the Supreme Court without report, March 31, 1908.

The answer of the defendant was a general denial and alleged contributory negligence.

The case was tried purely upon the theory that the defendant had failed to instruct the plaintiff upon the extra hazardous situation that came about by reason of the change of the material.

The case was heard only on the testimony in behalf of the plaintiff below.

It appears from this record that there was an exhibition of some appliances used in the court room on the trial, by which the manner of placing slips or pieces of paper-board was being demonstrated before the jury, and much of this record is taken up by the testimony of witnesses apparently demonstrating to the jury the manner in which pieces of the paper-board was placed in, and taken out.

On the day this boy was injured he completed the work that he had left over from the day before with the material that was flat; that in feeding this material, the placing of a piece of paper board within the blocks or guides would be indicated to him, not merely by his sense of sight but by his sense of touch, that it had dropped in its place so that it would pass up and be forced upon the knives; that about 7:30 or 8 o'clock he finished the work with the flat material; that thereupon he was furnished with other material that was oval; that he thereafter attempted to operate his machine with the new material. In attempting to do this he did not succeed, and a fellow-servant noticing his difficulty came and told him how he should roll it the other way, which would have a tendency to flatten it out. He then proceeded to roll or flatten the oval paper-board, and did flatten all that he had upon the table for his use. He had difficulty in dropping this material so that it would fall within the guides and be forced up upon the knives, and as he was putting this oval material in, it would sometimes require him to place his hand down and force the piece of paper-board under the guides in order to get it into position. This he says was much more dangerous than when he used the flat paper, as he was not required to use his hands but little in forcing the flat paper or cardboard in posi-

tion.  No instructions were given him in regard to the hand-ling of this oval paper-board.  The testimony seems to indicate that in feeding, especially the flat pieces of paper-board, it could be done much more easily, and it only required to be simply dropped within the guides and he would, therefore, have more time to remove his hand; that the oval material required him to reach further down and also to force the pieces of paper-board under the guides in order that it might be prop-erly cut by the knives, and that in so doing his hand was cut.

All of these facts were before the jury, together with the demonstrations upon the apparatus used in the common pleas court illustrating the machine that was used for cutting this paper-board, and showing the character of the machine and the operation of the same.  From an examination of the whole case, it appears that it is a case as to which different minds might arrive at a different conclusion.

The jury passed upon the testimony, and found, taking all the circumstances of the case, that the defendants were negligent in not giving proper instructions to the plaintiff as to the manner of using the oval paper, and the operation of the machine with such paper-board, and with respect to the verdict it is not manifestly against the weight of the evidence.

The court in its instructions to the jury was very favorable to the defendants, instructing them very carefully that if the plaintiff understood the character of the dangers incident to the operation of this machine, and appreciated the dangers or should have appreciated them, that then the plaintiff could not recover. It also instructed the jury fully in respect to the fact that if he was informed as to the dangerous character of this machine, he assumed the risk, and that there could be no recovery.

The only objection that is made to the instructions given to the jury are the instructions found on page 126 of the record, as follows:

"I think I have failed to give you a full definition of ordi-nary care.  Ordinary care is just such care as men of ordinary care and prudence are accustomed to exercise under the par-ticular circumstances of the case.  Ordinary care, as applied to

the plaintiff in this case, would be just such care as persons of his intelligence, comprehension and ability to know, exercise or ought to exercise under the particular circumstances of the case.''

Now it is said that the principle, as found in 46 Ohio State, 283, *Rolling Mill Co.* v. *Corrigan*, of contributory negligence, as applied to children, is not applied in this case, because the court below omitted to state anything, or instruct the jury in respect to anything concerning the age of the plaintiff, and therefore the charge was misleading and erroneous. Taking this whole charge together, we do not believe that this was so misleading that the jury were drawn away from the main questions in this case; we think that it follows that the rule as laid down in 61 Ohio State, page 608, should be applied in this case, which is as follows:

''A charge to a jury is to be considered as a whole, and if, considering the whole charge, the law of the case appears to have been correctly given to the jury and in a way that will reasonably enable them to understand the rules of law which they are to apply to the evidence before them, the charge will not be held to be erroneous simply because every condition to a recovery or a defense is not embraced in each paragraph, and the paragraph excepted to is not in itself calculated to mislead.''

We do not believe that after the court had fully instructed the jury, and with great carefulness, and then had given this definition of ordinary care, that this instruction was misleading, and that the verdict ought to be set aside for this reason.

Therefore finding no error in this record to the prejudice of the plaintiff in error, the judgment will be affirmed.